WO                                                                                                          SKC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Henry Tomlin,<br><br>          Plaintiff,<br><br>   v.<br><br>Nathaniel E. Gafvert & Kevin Gillis,<br><br>          Defendants. | No.  CV 13-1980-PHX-SMM (ESW)<br><br>**O R D E R** |

Plaintiff John Henry Tomlin, who is confined in the Arizona State Prison Complex-Florence, East Unit, in Florence, Arizona, filed a *pro se* civil rights Complaint in Maricopa County Superior Court.  On September 30, 2013, Defendant Nathaniel E. Gafvert removed the action to this Court and paid the $400.00 filing fee.

In a January 15, 2014 Order, the Court dismissed the Complaint with leave to amend because Plaintiff had failed to state a claim.  The Court gave Plaintiff 30 days to file an amended complaint that cured the deficiencies identified in the Order.

On February 12, 2014, Plaintiff filed his First Amended Complaint (Doc. 8), and Defendant Nathaniel E. Gafvert filed an answer.

On March 17, 2014, Plaintiff filed a Motion to Amend/Correct the First Amended Complaint and lodged a Second Amended Complaint.  In a June 26, 2014 Order, the Court granted Plaintiff's Motion to Amend, directed the Clerk of the Court to lodge the Second Amended Complaint, and dismissed that Complaint because Plaintiff had failed

TERMPSREF

to state a claim.  The Court gave Plaintiff 30 days to file a third amended complaint that cured the deficiencies identified in the Order.

On July 29, 2014, Plaintiff filed a Third Amended Complaint (Doc. 16).  The Court will require Defendants to answer the Third Amended Complaint.

**I.      Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct.  *Id.* at 681.

. . .

1    But as the United States Court of Appeals for the Ninth Circuit has instructed,
2 courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338,
3 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less
4 stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v.*
5 *Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*)).

## II.    Third Amended Complaint

Plaintiff names Mesa Police Officers Nathaniel E. Gafvert and Kevin Gillis as Defendants in his Third Amended Complaint.

Plaintiff raises one claim for excessive use of force in violation of the Fourth Amendment. Plaintiff alleges that at approximately 9:20 p.m. on January 3, 2012, he was walking with his bicycle from a market in Mesa where he had purchased some food items, and he stopped a short distance from the store to throw away some consumed food trash. He alleges that Defendant Gafvert, who was driving an un-marked police truck, suddenly stopped, exited the truck, and approached Plaintiff. Defendant Gafvert inquired about what Plaintiff was doing, and Plaintiff told him he was just throwing away some trash. Defendant Gillis then arrived on the scene in another un-marked police vehicle. Plaintiff alleges that Defendant Gafvert suddenly and forcefully knocked Plaintiff to the ground and hit him on the head with something sharp. Defendants handcuffed Plaintiff while he was semi-conscious, and he awakened to see three undercover police officers searching the surrounding area with flashlights. Plaintiff alleges that he heard Defendant Gafvert say that he knew who Plaintiff was and "there has to be something around here." Plaintiff advised the officers that they had "jumped him for nothing." Plaintiff was arrested and taken to the Mesa City Jail where he learned that Defendant Gafvert had charged him with five offenses. Plaintiff alleges that the arrest took place on a long, dark street and no others were present. He alleges that he had not committed a crime to prompt the use of force, he posed no threat to Defendants, and he had no weapon. He further alleges that he did not resist arrest and was surprised by the attack. He alleges various injuries, including a large wound to his right shoulder; a lower back injury that

makes it difficult to walk and that required him to seek emergency medical care; head injuries that became infected and that cause him headaches; and mental and emotional damage, including nightmares and a fear of being attacked.

Plaintiff seeks monetary and injunctive relief.

In its June 26, 2014 Order dismissing Plaintiff's Second Amended Complaint, the Court stated that Plaintiff had failed to allege sufficient facts for the Court to assess whether the force used during his arrest was reasonable. Specifically, Plaintiff had not alleged facts showing whether he posed a threat to the officers or others, or whether he was resisting arrest. Plaintiff adds to his previous allegations that no one else was present when both Defendants stopped and approached him; Plaintiff had no weapon and had not committed a crime to prompt the use of force; he posed no threat and did not resist arrest; and he was "surprisingly attacked and injured" when Defendant Gafvert knocked him to the ground and hit him on the head. Plaintiff also adds specific allegations about his resulting injuries, including that he suffered a wound to the head that became infected and injuries to his lower back that make it difficult to walk. Liberally construed, Plaintiff states a claim of excessive use of force against Defendants Gafvert and Gillis, and Defendants will be required to respond to the allegations in the Third Amended Complaint.

**IV.     Warnings**

   **A.     Release**

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) notify the Court that he intends to pay the unpaid balance of his filing fee within 120 days of his release or (2) file a non-prisoner application to proceed *in forma pauperis*. Failure to comply may result in dismissal of this action.

   **B.     Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion

for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must serve Defendants, or counsel if an appearance has been entered, a copy of every document that he files. Fed. R. Civ. P. 5(a). Each filing must include a certificate stating that a copy of the filing was served. Fed. R. Civ. P. 5(d). Also, Plaintiff must submit an additional copy of every filing for use by the Court. *See* LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Clerk of Court must send Plaintiff a service packet including the Third Amended Complaint (Doc. 16), this Order, and both summons and request for waiver forms for Defendants Gafvert and Gillis.

(2) Plaintiff must complete and return the service packet to the Clerk of Court within 21 days of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order.

(3) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and Complaint on a Defendant within 120 days of the filing of the Complaint or within 60 days of the filing of this Order, whichever is later, the action may be dismissed as to each Defendant not served. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(i).

(4) The United States Marshal must retain the Summons, a copy of the Complaint, and a copy of this Order for future use.

(5) The United States Marshal must notify Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of this Order. **The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must**:

(a) personally serve copies of the Summons, Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure; and

(b) within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

(6) **A Defendant who agrees to waive service of the Summons and Complaint must return the signed waiver forms to the United States Marshal, not the Plaintiff.**

(7) Defendants must answer the Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

. . .

. . .

1  (8) Any answer or response must state the specific Defendant by name on whose behalf it is filed. The Court may strike any answer, response, or other motion or paper that does not identify the specific Defendant by name on whose behalf it is filed.

(9) This matter is referred to Magistrate Judge Eileen S. Willet pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for all pretrial proceedings as authorized under 28 U.S.C. § 636(b)(1).

DATED this 17th day of December, 2014.

*Stephen M. McNamee*
Stephen M. McNamee
Senior United States District Judge

TERMPSREF