WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Henry Tomlin,<br><br>    Plaintiff,<br><br> vs.<br><br>Nathaniel E. Gafvert, et al.,<br><br>    Defendants. | No.  CV 13-1980-PHX-SMM (ESW)<br><br>**O R D E R** |

Plaintiff John Henry Tomlin brought this pro se civil rights action under 42 U.S.C. § 1983 against two Mesa Police Department Officers: Nathaniel E. Gafvert and Kevin Gillis (Doc. 16).  Before the Court is Defendants' Motion to Dismiss based on statute-of-limitations grounds (Doc. 22).

The Court will deny the motion.

**I.     Background**

Tomlin initiated this lawsuit in Maricopa County Superior Court on December 4, 2012, while he was confined in the Maricopa County Jail in Phoenix, Arizona (Doc. 1-1 at 2, CV 2012-017916).  In his Complaint, Tomlin named as Defendants Gafvert and John Does #1, #2, and #3 (*id.*).  Tomlin attempted service on Gafvert multiple times to no avail (Doc. 1-3 at 40).  On May 7, 2013, Gafvert moved to dismiss the Complaint for failure to serve (Doc. 1-3 at 97-98 (July 9, 2013 Minute Entry)).  The state court denied Gafvert's motion and extended the deadline to serve Defendants to October 31, 2013

(*id.*). On September 30, 2013, before Tomlin completed service, Gafvert removed the case to this Court (Doc. 1).

On January 15, 2014, the Court dismissed Tomlin's Complaint because it was not filed on the court-approved form (Doc. 7).

On February 4, 2014, Tomlin filed his First Amended Complaint, which named Gafvert and Gillis as Defendants (Doc. 8). Before the Court screened the amended pleading, Tomlin moved to amend his First Amended Complaint (Doc. 10). The Court granted his motion to amend, docketed the Second Amended Complaint, and screened it (Doc. 14). The Court determined that Tomlin's claim for excessive force did not include sufficient facts to evaluate whether the use of force during his arrest was reasonable; that is, whether he posed a threat or was resisting arrest (*id.* at 5). Tomlin was granted leave to amend, and, on July 25, 2014, he filed his Third Amended Complaint (Doc. 16).

The Court screened the Third Amended Complaint and determined that Tomlin remedied the deficiencies, and Gafvert and Gillis were directed to respond to Tomlin's allegations (Doc. 19).

Specifically, Tomlin alleged that at 9:20 p.m. on January 3, 2012, he was walking his bicycle in Mesa when he stopped to throw away some trash, at which point Gafvert, who was driving an un-marked police truck, suddenly stopped, exited the truck, and approached Tomlin (Doc. 16). According to Tomlin, Gafvert inquired about what Tomlin was doing, and Tomlin told him he was just throwing away trash (*id.*). Tomlin claimed that Gillis then arrived in another un-marked police vehicle, and then Gafvert suddenly and forcefully knocked Tomlin to the ground and hit him on the head with something sharp (*id.*). Both Defendants then handcuffed Tomlin while he was semi-conscious (*id.*). Tomlin claimed that he committed no crime to prompt the use of force, he posed no threat to Defendants, and he had no weapon (*id.*). He further claimed that he did not resist arrest and was surprised by the attack (*id.*). Tomlin stated that he suffered various injuries, including a large wound to his right shoulder; a lower-back injury that makes it difficult to walk and that required him to seek emergency medical care; head

injuries that became infected and that caused him headaches; and mental and emotional damage (*id.*).

On March 5, 2015, Defendants filed their Motion to Dismiss, arguing that Tomlin's claim is time-barred because he was injured on January 3, 2012, yet he did not raise his excessive-force claim until he filed his First Amended Complaint on February 12, 2014—outside of the two-year statute of limitations (Doc. 22 at 2). Defendants contend that Tomlin's amended pleading does not relate back to the original Complaint because he did not assert the excessive force claim in his original Complaint and, therefore, he fails to satisfy the requirements of Federal Rule of Civil Procedure 15(c)(1) (*id.* at 2-3). They also contend that Tomlin never asserted any claim against Gillis within the statute of limitations because Gillis was not named as a Defendant until after the statute of limitations period expired (*id.* at 4).

**II.   Governing Standards**

    **A.   Statute of Limitations**

Section 1983 does not include its own statute of limitations. *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Therefore, federal courts apply the statute of limitations governing personal injury claims in the forum state. *Wilson v. Garcia*, 471 U.S. 261, 280 (1985); *TwoRivers*, 174 F.3d at 991. In Arizona, the limitations period for personal injury claims is two years. *Marks v. Parra*, 785 F.2d 1419, 1420 (9th Cir. 1986); *see also* Ariz. Rev. Stat. § 12-542 (providing that actions for personal injury must be commenced within two years after the cause of action accrues).

Although the statute of limitations applicable to § 1983 claims is borrowed from state law, federal law continues to govern when a § 1983 claim accrues. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *TwoRivers*, 174 F.3d at 991. Under federal law, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996).

    **B.   Federal Rule of Civil Procedure 12(b)(6)**

The statute-of-limitations defense may be raised in a motion to dismiss "only

1 when the running of the statute is apparent from the face of the complaint." *U.S. ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (quoting *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 969 (9th Cir. 2010)). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206-07 (9th Cir. 1995) (internal citations and quotation marks omitted). In order to dismiss a claim as untimely on a Rule 12(b)(6) motion, it must "appear[ ] beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* at 1207. Thus, "[i]f, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper." *ASARCO, LLC v. Union Pacific R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014) (citation omitted).

Generally, the court may not consider any material outside the pleadings in ruling on a Rule 12(b)(6) motion. *United States v. Corinthian Colleges*, 655 F.3d 984, 998 (9th Cir. 2011). But the incorporation-by-reference doctrine allows material that is attached to the complaint to be considered, as well as unattached evidence on which the complaint relies if: "(1) the complaint refers to the document; (2) the document is central to plaintiff's claim; and (3) no party questions the authenticity of the document." *Id.* at 999.

**III.   Discussion**

    **A.   Gafvert**

As set forth above, the alleged excessive-force incident occurred on January 3, 2012; thus, the statute-of-limitations expired on January 3, 2014. As noted by Defendants, Tomlin's original Complaint is the only pleading that was filed prior to this deadline. But to the extent that Defendants contend Tomlin failed to assert an excessive force claim in his original Complaint, the Court disagrees.

A comparison of the original Complaint with the First Amended Complaint reflects that Tomlin set forth virtually identical factual assertions in both pleadings (*Compare* Doc. 1-1 at 3-4, Compl. ¶¶ 6-9, 12 *with* Doc. 8 at 3). In his First Amended Complaint, the only significant differences are that Tomlin replaced "John Doe #1" with "Gillis" and added that he was struck in the head with something sharp (Doc. 8 at 3). That Tomlin did not specifically cite to the Fourth Amendment or use the words "excessive force" in his original Complaint does not result in the failure to allege an excessive force claim. He was not required to identify the constitutional source of his claim or a specific legal theory. *Alvarez v. Hill*, 518 F.3d 1152, 1157-58 (9th Cir. 2008) ("[n]otice pleading requires the plaintiff to set forth in his complaint *claims for relief*, not causes of action, statutes or legal theories") (emphasis in original); *see Hearns v. Terhune*, 413 F.3d 1036, 1043 (9th Cir. 2005) (pro se plaintiff need not plead specific legal theories "so long as sufficient factual averments show that [he] may be entitled to some relief") (quotation omitted). The Court looks at the facts alleged, and because Tomlin is proceeding pro se, it must "'afford him the benefit of any doubt' in ascertaining what claims he raised in his complaint[.]" *Alvarez*, 518 F.3d at 1158 (quoting *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001).

Here, the factual assertions in Tomlin's original pleading give rise to an excessive-force claim even without the added sentence that he was struck in the head with something sharp. In light of Defendants' acknowledgement that the First Amended Complaint asserts an excessive-force claim, they cannot credibly argue that the original Complaint, with the same basic factual assertions, did not do so as well. Thus, the Court finds that the original pleading asserted an excessive force claim. Because Tomlin specifically named Gafvert in the original pleading, which was filed within the statute of limitations, the excessive force claim against Gafvert is not time-barred.

Assuming, arguendo, that the original pleading did not assert an excessive force claim, the Court finds that the First Amended Complaint relates back to the original Complaint. *See* Advisory Committee Notes on 1966 Amendment to Fed. R. Civ. P. 15

("[r]elation back is intimately connected with the policy of the statute of limitations"). The decision of whether an amended complaint relates back is committed to the Court's discretion. *Louisiana-Pac. Corp. v. ASARCO, Inc.*, 5 F.3d 431, 434-35 (9th Cir. 1993). Further, the relation-back doctrine of Federal Rule of Civil Procedure 15(c) is to be "liberally applied." *ASARCO*, 765 F.3d at 1004 (citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982)). The Rule's purpose "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." *ASARCO*, 765 F.3d at 1005 (quoting 6 Charles Alan Wright et al., Federal Practice and Procedure § 1471 (3d ed. 1998)).

Under Rule 15(c)(1), an amendment relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 15(c)(1) incorporates the relation back rules of state law "when that state's law provides the applicable statute of limitation and is more lenient." *Butler v. Nat'l Comm. Renaissance of Cal.*, 766 F.3d 1191, 1198-1201 (9th Cir. 2014). Therefore, the

Court must consider both federal and state law "and employ whichever affords the more permissive relation back standard." *Id.* at 1201.

Contrary to Defendants' assertion, there is nothing in Arizona Revised Statute § 12-542 that prohibits relation back (*see* Doc. 22 at 3 n. 1). Rather, state law provides for relation back under the same circumstances as set out in Federal Rule 15(c). *See* Ariz. R. Civ. P. 15(c).

With respect to the second provision in Rule 15(c)(1), both the original Complaint and the First Amended Complaint seek recovery based on the same set of facts surrounding the January 3, 2012 occurrence and the police officers' alleged conduct during that occurrence (*see* Doc. 1-1 at 3-4; Doc. 8 at 3). Defendants maintain that in his original pleading, Tomlin asserts a claim for false arrest; however, the facts alleged in the original pleading are the very same facts that form the basis of Tomlin's excessive force claim (*see id.*). "So long as the original and amended [complaints] state claims that are tied to a common core of operative facts, relation back will be in order." *Mayle v. Felix*, 545 U.S. 644, 664 (2005); *see O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1112 (9th Cir. 2006) (finding that amended pleading relates back to prior pleading because, although the plaintiff did not raise her ELA claim until the later amendment, the facts alleged in her prior complaint in support of her Title VII claim also form the basis for the EPA claim asserted in her amended pleading). Liberally applying Rule 15(c), Tomlin's First Amended Complaint relates back to the original pleading, and the excessive-force claim against Gafvert is not time-barred.

**B.     Gillis**

As stated, in the original pleading filed in state court, Gillis was not named but instead was identified as "John Doe #1" (Doc. 1-1 at 3-4). Arizona Rule of Civil Procedure 10(f) permits the use of a fictitious name when a plaintiff actually intends to sue a defendant but does not know his name. *Gonzalez v. Tidelands Motor Hotel Co., Inc.*, 598 P.2d 1036, 1037 (Ariz. Ct. App. 1979). When the defendant's true name is discovered, the plaintiff may amend the pleading accordingly. Ariz. R. Civ. P. 10(f).

"Under this practice, substitution of the correct name at a later date does not add a party to the case—it merely corrects the name of the defendant *whom the plaintiff already has sued.*" *McGill v. Nat'l Speciality Ins. Co.*, CV12-1671-PHX-DGC, 2013 WL 331256, at *3 (D. Ariz. Jan. 29, 2013) (emphasis added). Arizona courts have therefore concluded that in this situation, "[t]here is no need to implicate [R]ule 15(c) to provide for relation back since a party is not being changed or added." *Id.* (quoting *Lane v. Elco Industries, Inc.*, 656 P.2d 650, 655 (Ariz. Ct. App. 1982)). But if a plaintiff uses Rule 10(f) to add a claim against a defendant that the plaintiff did not originally intend to sue, Rule 10(f) is not applicable, "and the plaintiff would need to comply with Rule 15(c) if the amendment of the new party is to relate back to the original complaint." *Lane*, 656 P.2d at 655.

In this case, Tomlin used Rule 10(f) properly. He intended to sue Gillis but, at the time he filed his original pleading, he did not know Gillis's name and therefore identified him as a Doe defendant. When Tomlin substituted Gillis for "John Doe #1" in the First Amended Complaint, he was correcting the name, not adding or changing a party, and Rule 15(c) is not implicated. For this reason, Defendants' argument that the claim against Gillis is time-barred fails, and their motion will be denied.

Even if Rule 15(c) did apply, Tomlin satisfies the relation-back requirements with respect to Gillis. The Court has already determined that the First Amended Complaint asserts a claim "that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). Under Rule 15(c)(1)(C), two requirements must be met: notice and mistake. Fed. R. Civ. P. 15(c)(1)(C).

### 1. Notice

For an amendment to relate back, the new party must have received notice of the action within 120 days of the original Complaint and "not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i), 4(m). Notice within this time period need not be formal. Advisory Committee Notes on 1966 Amendment to Fed. R. Civ. P. 15. Notice may be actual or constructive or it may be imputed to a defendant with an

"identity of interest" with the named defendant. *G.F. Co. v. Pan Ocean Shipping Co., Ltd.*, 23 F.3d 1498, 1503 (9th Cir. 1994); *see Schiavone v. Fortune*, 477 U.S. 21, 29 (1986) (if there is a sufficient agency or community of interest between the person served and the intended defendant, notice may be imputed to the intended defendant). Also, "[i]nformal notice is sufficient if it allows the defendant the opportunity to prepare a defense." *Abels v. JBC Legal Group, P.C.*, 229 F.R.D. 152, 158 (N.D. Cal. 2005).

Because the original Complaint was filed on December 4, 2012, Gillis needed to have notice no later than April 3, 2013. Tomlin asserts that prior to filing his original Complaint, he submitted a Notice of Claim pursuant to state-law (Doc. 24 at 7, 10).[1] Tomlin's filing of an administrative claim, however, "does not impute notice of 'the institution of the action.'" *G.F. Co.*, 23 F.3d at 1503 n.3 (internal quotation omitted). Tomlin also provides a September 24, 2012 letter from Mesa Police Department Lieutenant Thompson, who confirmed that the Department received Tomlin's letter alleging excessive force and informed Tomlin that Gillis investigated the allegations and determined they have no merit (Doc. 24, Ex. A).[2] This establishes that Gillis was aware of the of excessive force allegations in September 2012; however, that was before Tomlin's lawsuit was filed and is therefore insufficient. The Rule is specific that it is notice of the *action* that is required for relation back. Fed. R. Civ. P. 15(c)(1)(C).

As mentioned, notice may be imputed where there is sufficient agency or community of interest between the served defendant and intended defendant. *Schiavone*, 477 U.S. at 29. A community or identity of interest "generally means that the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other." 6A Wright,

---

[1] Tomlin referred to the Notice of Claim in his First Amended Complaint (Doc. 8 at 3 ¶ 5), the Notice relates to the excessive force claim, and Defendants do not challenge that Tomlin filed the Notice. *See Corinthian Coll.*, 655 F.3d at 999.

[2] Tomlin referred to the Mesa Police Department's internal investigation in his First Amended Complaint (Doc. 8 at 4 ¶ 5), the investigation relates to the excessive force allegations, and Defendants do not challenge Thompson's letter or that there was an investigation. *See Corinthian Coll.*, 655 F.3d at 999.

- 9 -

Miller & Kane, Federal Practice & Procedure § 1499 at 197-98 (2010). Here, Gafvert and Gillis are both Mesa police officers, they were both present and involved in the event underlying Tomlin's excessive force claim; they are alleged to have committed the same violation; and they both continued to work as Mesa police officers. *See Ayala Serrano v. Lebron Gonzalez*, 909 F.2d 8, 12-13 (1st Cir. 1990) (finding that new defendant prison guard shared identity of interest with prison officials named in the original complaint where prison guard was present at the attack underlying the plaintiff's failure-to-protect claim, the original defendants were the prison guard's superiors, and the prison guard continued to work in the unit where the plaintiff was housed). Further, courts have considered imputed notice where, like here, the same counsel represents the served defendant and the new defendant. *See, e.g.*, *Krupski*, 560 U.S. at 544 (noting that the new defendant was represented by the same counsel who had represented the served defendant); *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998) (notice imputed to newly named officer defendants through shared counsel with original city and officer defendants); *Palmtree Acquisition Corp. v. Neely*, C 08-3168 MHP, 2010 WL 3910370, at *3 (N.D. Cal. 2010) (imputing notice under Rule 15(c)(1)(C) where the original complaint was served on the individual's stepmother and the parties were represented by the same law firm). When considering these facts, there is sufficient identity of interest between Gafvert and Gillis, and Gillis would have had notice of the Tomlin's lawsuit within the prescribed period.

Moreover, Gillis will not be prejudiced in defending the claim against him. *See* Fed. R. Civ. P. 15(c)(1)(C)(i). Discovery has not begun, a Scheduling Order has not been issued, Gillis has the same counsel as Gafvert, and Defendants do not argue or show that any unfair prejudice would result from relation back (*see* Doc. 22). *See Krupski*, 560 U.S. at 545.

### 2. Mistake

The final consideration is whether Gillis knew or should have known that he would have been named as a defendant but for a mistake concerning his identity. Fed. R.

Civ. P. 15(c)(1)(C)(ii). Defendants argue that because Tomlin cannot demonstrate that he mistakenly named someone other than Gillis as a defendant in the original complaint, there is no relation back (Doc. 22 at 5). But this argument is disconnected from the facts of this case. Tomlin does not claim to have mistakenly named John Doe #1 in the original complaint. The only conceivable "mistake" is failing to amend the original Complaint and name Gillis as a Defendant prior to the statute-of-limitations deadline.

Defendants argue that relation back is precluded because Tomlin admits that he knew of Gillis's identity in February 2013, but did not name him until February 2014 when he filed his First Amended Complaint, and the failure to timely name a defendant is not a "mistake" permitting relation back under Rule 15(c) (Doc. 25 at 7). In support, Defendants cite to the Ninth Circuit's 1986 decision in *Kilkenny v. Arco Marine Inc.*, which held that Rule 15(c) was not intended "to assist a plaintiff who ignores or fails to respond in a reasonable fashion to notice a potential party" (*id.* at 7, citing 800 F.2d 853, 857-58 (1986); Doc. 22 at 5).

The United States Supreme Court has squarely rejected Defendants' argument that undue delay in seeking to amend precludes relation back. *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 541 (2010). In *Krupski*, the Supreme Court stated that a plaintiff's dilatory conduct cannot justify denial of relation back under Rule 15(c)(1)(C) where the Rule "plainly sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them." *Id.* at 552-53. Thus, relation back under 15(c)(1)(C) does not depend on the plaintiff's knowledge or his timeliness in seeking to amend; rather, it turns on what the prospective defendant knew or should have known. *Id.* at 541.

The record supports that Gillis should have known that, absent some mistake, the action would have been brought against him. He was aware of Tomlin's excessive-force allegations, he would have had notice of the lawsuit during the Rule 4(m) period, and the original Complaint described his involvement in the underlying incident under the name John Doe #1.

In sum, under the Arizona Rules of Procedure, the relation back requirements do not apply to a fictitious-named defendant who is substituted in an amended pleading. *See Lane*, 656 P.2d at 655. But even if Federal Rule 15(c) applies, relation back is appropriate. Accordingly, Tomlin's claim against Gillis is not barred by the statute of limitations, and Defendants' Motion to Dismiss will be denied.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Dismiss (Doc. 22), and the Motion is **denied**.

(2) Within **20 days** from the date of this Order, Defendants must answer the Third Amended Complaint.

DATED this 3rd day of August, 2015.

*[signature]*

Honorable Stephen M. McNamee
Senior United States District Judge